**Joseph KOCH, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6203.**

Court of Appeals of Alaska.

Nov. 5, 1982.

Ray Funk, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

On July 29, 1979, Joseph Koch, Jr., drove his car into the rear of a motorcycle driven by Dana Lundquist. The accident took place north of Fairbanks on the Steese Highway at approximately 12:45 a.m. Koch was driving within the speed limit, about forty-five mph in a fifty mph zone, when he attempted to brake in order to avoid Lundquist, who was either stopped or traveling at a very slow speed. Lundquist was apparently in the process of turning off the highway. Lundquist was killed instantly.

The state troopers arrived at the scene approximately thirty minutes after the accident. Because Koch smelled like he had

been drinking alcoholic beverages, he was asked to perform sobriety tests. His performance of these tests was satisfactory. Koch was taken to the police station where a breathalyzer test was administered at 2:46 a.m., about two hours after the accident. The breathalyzer test showed that Koch's blood alcohol level was .09%. At the time the test was administered, Alaska law provided that a person with a blood alcohol level in excess of .10% was presumed to be intoxicated.

The state troopers completed their investigation of the facts surrounding the accident and submitted the results of that investigation to the district attorney's office for evaluation. After reviewing the evidence, the district attorney's office concluded that the facts would not support charging Koch with negligent homicide. The assistant district attorney who reviewed the case and the investigating officer agreed that the proper charge against Koch should be the traffic infraction of following too close.[1] The investigating officer issued an unsworn uniform summons and complaint for following too close, which was served on Koch August 24, 1979. Koch paid the fine.

Between August and the end of January, 1979, the case was reviewed by another assistant district attorney, the Fairbanks District Attorney and the Chief Prosecutor for the State of Alaska. The state represents that these reviews were undertaken because Lundquist's family was urging the state to bring a negligent homicide prosecution against Koch. Everyone who reviewed the case concluded that a negligent homicide charge should not be filed against Koch. However, the prosecution did agree to submit the case to a coroner's jury to decide whether the evidence would support a negligent homicide charge. The coroner's inquest was held on April 14, 1980. The district attorney's office prepared jury in-

structions and sent an observer. On April 15, 1980 the coroner's jury found probable cause to believe that Lundquist's death was caused by the culpable negligence of Koch "in driving said automobile while under the influence of intoxicating liquor and/or drugs (marijuana)." The coroner filed a complaint charging Koch with negligent homicide, in violation of former AS 11.15.-080.[2] Koch waived indictment and was arraigned on an information charging him with negligent homicide.

Koch filed several motions in the trial court arguing that the charges should be dismissed because the prosecution was in violation of Criminal Rule 45, the double jeopardy clauses of the Alaska and United States Constitutions, and the due process clauses of the Alaska and United States Constitutions. The superior court denied these motions. This court denied Koch's petition for review. Again Koch raised these issues in the superior court, which denied his motions.

In April of 1981, Koch was ultimately tried and convicted of negligent homicide in a jury trial. Koch was sentenced to a six year suspended imposition of sentence. He was ordered to serve one year of incarceration as a condition of probation and was placed on probation for five years. His driver's license was revoked for six years.

Koch has appealed to this court raising several issues. Koch argues that the trial court erred in denying his motion to dismiss and that the prosecution violated his right to a speedy trial as set forth in Criminal Rule 45. He argues that since he had formerly been convicted of following too close, his later prosecution for negligent homicide violated the double jeopardy clauses of the Alaska and United States Constitutions. He further argues that preindictment delay violated his right to due process under the

---

1. 13 AAC 02.090(a) provides:
   A driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of the vehicles, the traffic upon the roadway, and the condition of the roadway.

2. Former AS 11.15.080 provided:

   *Negligent homicide.* Every killing of a human being by the culpable negligence of another, when the killing is not murder in the first or second degree, or is not justifiable or excusable, is manslaughter, and is punishable accordingly.

Alaska and United States Constitutions. He also raises an evidentiary issue. We conclude that the prosecution against Koch should have been dismissed because it was brought in violation of Criminal Rule 45, the speedy trial rule. This disposition makes it unnecessary to reach the other issues Koch raises.

The first question is whether the state began the 120 day period of Criminal Rule 45 on the charge of following too close when it served Koch with the uniform summons and complaint on August 24, 1979. This raises the question of whether Criminal Rule 45(b) was applicable to traffic infractions at the time Koch was served with the complaint. The next question is whether, assuming Criminal Rule 45(b) applied to the charge of following too close, the 120 day period should also have started running on the related negligent homicide charge.

I. DID THE SERVICE OF THE COMPLAINT FOR FOLLOWING TOO CLOSE START THE 120 DAY PERIOD RUNNING AS TO THAT CHARGE?

Criminal Rule 45(b) currently provides that "[a] defendant charged with a felony, a misdemeanor, or a violation shall be tried within 120 days ...." The state points out that prior to August 1, 1980, Criminal Rule 45 provided that "a defendant charged with a felony or misdemeanor shall be tried within 120 days ...." The state argues that Criminal Rule 45 did not apply to traffic infractions and that therefore the 120 day period set forth in Criminal Rule 45 did not begin when Koch was served with the uniform summons and complaint for following too close. The trial court ruled that former Criminal Rule 45(b) did not apply to violations and found that the 120 day period did not begin when Koch was charged with following too close.

We have reviewed the legislative history of Criminal Rule 45(b) as set forth in the state's brief. It seems apparent to

us, and the state essentially concedes, that before the amendment to Criminal Rule 45(b), it was an open question whether former Criminal Rule 45(b) applied to traffic infractions. The August 1, 1980 amendment to Criminal Rule 45(b) clarified this open question. The state urges us to apply the amended Criminal Rule 45(b) prospectively only.[3] However, the state has made no argument that it relied in any way on the former state of the law. The state has not advanced any court decision or other rationale to justify assuming that Criminal Rule 45 would not apply to a traffic infraction. Furthermore, the record does not reflect that the state relied on an assumption that the 120 day rule would not start running when Koch was served the complaint for following too close. The record reflects, and the state concedes, that the state troopers had completed their investigation and that the district attorney's office had reviewed the possible charges at the time Koch was charged with following too close. The district attorney's office had determined that the appropriate charge was following too close. There is no indication of any reliance by the state on former Criminal Rule 45(b) which would justify this court in applying purely prospectively the current Criminal Rule 45(b). We therefore conclude that Criminal Rule 45(b) applied to Koch's charge of following too close, and the service of that charge upon Koch started the 120 days running against the state.

II. DID THE SERVICE OF THE COMPLAINT FOR FOLLOWING TOO CLOSE START THE 120 DAY PERIOD RUNNING FOR THE CHARGE OF NEGLIGENT HOMICIDE?

Criminal Rule 45(c) provides in relevant part that the 120 days shall begin running from "the date the charge is served upon the defendant." At the time of Koch's prosecution, the rule further provided that "service upon the defendant of a complaint ... relating to subsequent charges arising

---

**3.** In deciding whether to give a new rule of law retroactive effect we look to the following criteria: "(a) the purpose to be served by the new standards; (b) the extent of the reliance by law enforcement authorities on the old standards;

and (c) the effect on the administration of justice of a retroactive application of the new standards." *State v. Glass,* 596 P.2d 10, 13 (Alaska 1979).

out of the same conduct ... shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was ... served with the original charge."[4]

■ Under the facts of this case, the charge of negligent homicide was a "subsequent charge arising out of the same conduct" as the following too close charge, and the 120 day period for the negligent homicide charge thus started when Koch was charged with following too close. The plain language of the rule appears to dictate this result. We emphasize that the circumstances of this case show that the prosecution was aware of the potential negligent homicide charge, the case was screened by the prosecutor's office, and the charge of negligent homicide was rejected. Instead, the prosecutor's office concluded that the appropriate charge was following too close. The circumstances of this case show that the negligent homicide charge did "arise out of the same conduct" as the following too close charge.

■ The state has not shown that the negligent homicide charge was based upon evidence which "was not available to the prosecution at the time the defendant was ... served with the original [following too close] charge." Criminal Rule 45(c). At oral argument the state indicated that it gained some new information between the time Koch was charged with following too close and the time Koch was charged with negligent homicide. First, the state believed that *Lupro v. State,* 603 P.2d 468, 475 (Alaska 1979), decided after service of Koch's following too close charge, might have enabled the state to obtain more favorable jury instructions in Koch's trial. The *Lupro* case clarified that a person who drives while intoxicated is guilty of negligent homicide if the state proves that the driver's intoxication was the cause of the victim's death. The *Lupro* decision made it clear that driving while intoxicated by itself constituted culpable negligence. The *Lupro* decision does not appear to change the law,

although the language of the case might have been helpful to the state for jury instructions. There is a question whether the legal clarification in *Lupro* could be classified as "evidence" on which the new charge (negligent homicide) was based under Criminal Rule 45(c)(1). We conclude that the *Lupro* decision is not new evidence which would allow a new charge to be brought under Criminal Rule 45(c)(1).

■ Second, the prosecution contends it received some new information from the testimony of the witnesses at the coroner's inquest. However, the state has neither claimed that it was unaware of any of the witnesses who testified at the inquest nor that there were any major differences between the witnesses' earlier statements and their inquest testimony. At a hearing or trial, the testimony of the witnesses may differ somewhat from their former statements, and some new information may be discovered. The state has failed to point out anything out of the ordinary that occurred at the coroner's inquest which would bring into play the new evidence exception in Criminal Rule 45(c)(1).

■ Third, the prosecution indicated it was influenced by the coroner's jury finding of sufficient evidence to find Koch guilty of negligent homicide. Again, this does not appear to be "evidence" which was not available. Nothing the state learned from the time it charged Koch with following too close was "evidence ... which ... was not available to the prosecution at the time the defendant was ... served with the original charge."

III. CAN THE TIME WHICH ELAPSED FROM THE TIME THE FOLLOWING TOO CLOSE CHARGE WAS SERVED UPON KOCH UNTIL HE WAS CHARGED WITH NEGLIGENT HOMICIDE BE EXCLUDED UNDER THE PROVISIONS OF CRIMINAL RULE 45(d)(7) AS ARISING FROM "GOOD CAUSE"?

Criminal Rule 45(d) provides for various periods of time which are excluded in com-

---

4. The current Criminal Rule 45(c) substitutes "of the original commencement date of the 120

day period" for "the defendant was ... served with the original charge."

puting the 120 day period in which a trial must be held. In addition, Criminal Rule 45(d)(7) provides that, "[O]ther periods of delay for good cause" will be excluded.

 The state argues that this exclusion should apply to Koch's case. The state contends that although the district attorney's office had reviewed Koch's case and rejected a negligent homicide charge, the coroner's office has an independent duty to investigate the cause of death. AS 12.65.-040. In the event that an inquest is warranted, the coroner summons a jury to hear evidence. AS 12.65.050. If the coroner's jury decides that a particular person caused the death by criminal means, the coroner issues an arrest warrant for that person. AS 12.65.080; AS 12.65.090. The prosecution claims that because the coroner's office found sufficient evidence for a criminal homicide charge against Koch, the time until the warrant was served by the coroner should be excluded under the "good cause" provision of Criminal Rule 45(d)(7). We disagree that Criminal Rule 45(d)(7) should exclude this time. As already pointed out, no new evidence was presented to the coroner's jury that was not available when Koch was charged with following too close. Tolling the 120 day period when the coroner later decides to file charges could create a loophole capable of undermining the policy of Criminal Rule 45, which is to try criminal cases promptly. We note that the state has not shown any good cause for the delay in holding the coroner's inquest. We see no reason to hold that a coroner's inquest extends the period of time set forth in Criminal Rule 45, unless the prosecution can show new evidence obtained from the inquest. This would bring the case within the provisions of Criminal Rule 45(c)(1). We reject the state's contention that it has established good cause under Criminal Rule 45(d)(7).

The state has not argued other exceptions which would bring Koch's negligent homicide trial within the 120 day provision mandated by Criminal Rule 45. Because Criminal Rule 45 was violated in this case, we reverse the decision of the superior court denying Koch's motion to dismiss.[5] Criminal Rule 45(g).

REVERSED and REMANDED.

---

5. The state argues that Criminal Rule 45 is unconstitutional because it is an unconstitutional use of the supreme court's rule-making power. Alaska Const. art. IV, § 15. We have formerly rejected this contention in *State v. Williams*, 653 P.2d 1067 (Alaska App. Nov. 5, 1982).