v.

STATE of Alaska, Appellee.

No. 7724.

Court of Appeals of Alaska.

June 1, 1984.

Ben Esch, Dickson, Evans & Esch, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

G.D. was convicted of three counts of sexual assault in the first degree, former AS 11.41.410(a)(4), and three counts of contributing to the delinquency of a minor, former AS 11.51.130(a)(4). He appeals, contending that he was deprived of his right to a speedy trial under Criminal Rule 45. We affirm.

On May 25, 1982, G.D. appeared in superior court in response to a summons issued in connection with a petition alleging that K.D., his daughter, was a child in need of aid. After being advised of his right against self-incrimination, G.D. admitted that he had sexually assaulted his daughter. With G.D.'s consent, the court required G.D. to participate in psychological counseling and ordered him to move out of the family home and to refrain from further contact with his daughter.

Four and one-half months later, G.D. was served with an information charging him with the offenses for which he has now been convicted. G.D. moved to dismiss, alleging that the 120-day speedy trial period specified in Criminal Rule 45 had commenced to run on the date of his appearance at the child in need of aid hearing. Superior Court Judge Ralph E. Moody denied G.D.'s motion. G.D. subsequently pled guilty to the charges, reserving the right to appeal the denial of his speedy trial motion.[1]

Criminal Rule 45(c)(1) provides that the 120-day speedy trial period begins to run "[f]rom the date that the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant ...." G.D. argues that the order issued by the superior court at the child in need of aid hearing imposed sufficient disabilities upon him to constitute a *de facto* arrest. *See, e.g., United States v. Clardy,* 540 F.2d 439, 441 (9th Cir.), *cert. denied,* 429 U.S. 936, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976); *Aldridge v. State,* 602 P.2d 798, 800–01 (Alaska 1979). G.D. further main-

---

1. *See Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

tains that the word "arrest," as used in Rule 45(c)(1), should be construed broadly, to include *de facto* arrests.

 We have consistently held that Criminal Rule 45 must be construed in a manner that is neither expansive nor restrictive. *Springer v. State,* 666 P.2d 431, 434 (Alaska App.1983); *Russell v. Anchorage,* 626 P.2d 586, 589 and n. 7 (Alaska App.1981). Thus, we believe that "arrest," as used in the rule, must be defined in conformity with the statutory definition of an arrest. AS 12.25.160 states:

> Arrest is the taking of a person into custody in order that he may be held to answer for the commission of a crime.

Applying this definition, we conclude that G.D. was not arrested on the date of the child in need of aid hearing and that the 120-day speedy trial period did not begin to run until he was served with a copy of the information in this case.[2] Thus, G.D.'s rights under Rule 45 were not violated.

The judgment is AFFIRMED.

---

**2.** Even if *Aldridge v. State,* 602 P.2d 798, 800–02 (Alaska 1979), defined "arrest" to include *de facto* arrests, it is clear that in this case—where the disabilities complained of by G.D. resulted from a valid court order issued in connection with a separate civil matter involving the welfare of his daughter—no *de facto* arrest occurred.