Gary W. GREENAWALT, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–536.

Court of Appeals of Alaska.

Jan. 4, 1985.

---

William F. Dewey, Anchorage, for appellant.

James F. Wolf, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

On December 19, 1983, officers were dispatched to a two-car accident. Upon arrival at the scene, the officers observed damage to both vehicles. Three persons were injured in the accident including Gary W. Greenawalt, driver of one of the vehicles. The injured were transported to Humana Hospital in Anchorage. Apparently recruit Officer Diehl was sent to the hospital to administer a breathalyzer test to Greenawalt. Officers Patricia Buccilli and Howard Steppe arrived there later.

At the hospital Officer Steppe sought to obtain evidence from the appellant regarding his blood-alcohol level. He informed Greenawalt that he could either submit to a blood test at the hospital or be arrested and transported to the Anchorage police station where he would be required by law to submit to a breath test.

Officer Steppe testified that Greenawalt was not given the alternative of not taking either test. He specifically testified that Greenawalt was not free to leave. If Greenawalt had refused to take the blood test, Officer Steppe testified that at that point he would have arrested Greenawalt. In other words, Greenawalt was free to leave only after consenting to a blood test.

Greenawalt decided to submit to the blood test. Blood was drawn in the presence of Officers Diehl and Steppe. Officer Diehl then filled out a "Specimen Custody" form where he certified that Greenawalt was "under arrest, unconscious, or otherwise unable to refuse a chemical determi-

nation...."[1] Both Officers Buccilli and Steppe testified that at no time on December 19, 1983, was Greenawalt placed under formal arrest.

On March 6, 1984, a complaint was filed charging Greenawalt with driving while intoxicated (DWI), in violation of AMC 9.28.-020(A). A summons and complaint were served on Greenawalt on March 11, 1984. On April 3, 1984, Greenawalt was arraigned and on April 24, 1984, Greenawalt moved to have the DWI charge against him dismissed pursuant to Alaska Rule of Criminal Procedure 45, arguing that he had not been brought to trial within 120 days of his "arrest" at Humana Hospital on December 19, 1983.[2]

On May 23, 1984, at a hearing on Greenawalt's motion to dismiss, Officers Buccilli and Steppe testified to the above facts. Greenawalt put on no evidence. At the hearing, the sole issue was whether Greenawalt was under arrest at the hospital on December 19, 1983 for purposes of Criminal Rule 45(c)(1).

Greenawalt and the municipality agreed in the trial court, and agree on appeal, that if Greenawalt was arrested on December 19 that he was not tried within 120 days of his arrest as is mandated by Criminal Rule 45(c)(1). He would therefore be entitled to a dismissal under Criminal Rule 45(g). If Greenawalt was not arrested on that date, then he was tried within the time allowed by Criminal Rule 45.

The district court correctly held the definition of "arrest" for purposes of Criminal Rule 45 was governed by AS 12.25.160. The court implicitly held that an investigatory stop would not trigger the operation of Criminal Rule 45. It found that Greenawalt had not been "arrested" under AS 12.25.160 and thus denied the motion to dismiss. On June 27, 1984, Greenawalt entered a plea of no contest, preserving his

right to appeal the denial of his motion under *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Judgment was entered at that time.

Greenawalt now appeals his conviction. He contends he was indeed "arrested" on December 19, 1983, at Humana Hospital. We affirm the decision of the district court.

■ The sole issue for this court to resolve is whether Greenawalt was formally arrested on December 19, 1983. Whether a person has been arrested or not is based on the trial court's determination of the totality of the circumstances surrounding the police officer's encounter with the suspect. *See generally* 2 W. LaFave, *Search and Seizure*, § 5.1(a) (1978 & Supp. 1984). We review the trial court's decision under the clearly erroneous standard. *Waring v. State*, 670 P.2d 357, 364 n. 15 (Alaska 1983). We have looked to former Alaska cases to aid us in deciding whether the factual situation presented in this case constitutes an arrest.

In *G.D. v. State*, 681 P.2d 366, 367 (Alaska App.1984), in determining whether a person had been arrested for purposes of Criminal Rule 45, we stated:

We have consistently held that Criminal Rule 45 must be construed in a manner that is neither expansive nor restrictive. [Citations omitted.] Thus, we believe that "arrest," as used in the rule, must be defined in conformity with the statutory definition of an arrest. AS 12.25.160 states:

Arrest is the taking of a person into custody in order that he may be held to answer for the commission of a crime.

In that case, G.D. was accused of sexually assaulting his daughter. He had earlier been summoned to court for child in need of aid proceedings involving his daughter. At the court proceeding, after being advised of his rights, G.D. admitted sexually

---

1. The municipality asserts Diehl erroneously filled out the form. However, Diehl no longer is employed by the municipality and was not called to testify on its behalf. Officer Steppe testified that the error was probably due to Diehl's inexperience with such forms.

2. Criminal Rule 45(c)(1) provides that the 120-day speedy trial period begins to run "[f]rom the date the defendant is arrested, initially arraigned, or from the date the charge.... is served on the defendant, whichever is first."

assaulting his daughter. The judge ordered G.D. to participate in psychological counseling, to move out of the family home, and to avoid contact with his daughter. When he was later charged with a criminal offense for the same incident, G.D. argued that he had been arrested when he was summoned to court, made admissions, participated in the court proceeding, and was ordered by the court to fulfill certain conditions. He contended that the Criminal Rule 45 time limits should have started running on the criminal case at that time. We held that G.D. had not been arrested at that time for purposes of Criminal Rule 45.

In *City of Nome v. Ailak*, 570 P.2d 162, 167–69 (Alaska 1977), the supreme court was called upon to determine whether Ailak had been arrested for purposes of a civil suit for false arrest. In that case, police officers had information about a reported rape. They stopped Ailak who had been reported as the perpetrator of the rape. The police questioned Ailak and frisked him. He was then placed in the back of the patrol car which had no handles on the back doors so that an occupant of the back seat could not escape from the vehicle. The police drove Ailak around the town while they looked for the alleged rape victim. After the police found the victim and questioned her, the police concluded that she had not been raped and Ailak was released. The testimony on how long Ailak had been held in the police car varied from two to three minutes to an hour or less. The supreme court held that there was sufficient evidence for the jury to determine that Ailak had been arrested.

In *Aldridge v. State*, 602 P.2d 798, 800–01 (Alaska 1979), Aldridge, a prisoner in a state correctional institution, was seen by a prison guard attempting to inject heroin. The guard seized a balloon and other items. Aldridge was then taken from the prison dormitory and placed in maximum security. He was then thoroughly searched. Several hours later Aldridge was questioned by a state trooper and was required to provide blood and urine samples pursuant to a search warrant. Aldridge argued that for Criminal Rule 45 purposes he was arrested on the date he was moved to maximum security and searched and that the 120 days should start running at that time. The supreme court disagreed, holding that Aldridge had not been arrested.

In *Howard v. State*, 664 P.2d 603, 607–11 (Alaska App.1983), this court delineated three types of police contact with citizens: (1) a generalized request for information; (2) an investigatory stop; and (3) an arrest. In that case this court held that where police officers confronted two people who were suspects in a sexual assault, the contact was initially an investigatory stop, not an arrest, even though the stop was accomplished with the use of drawn guns and both suspects were handcuffed. This court emphasized that the stop was initially made for the limited purposes of identifying the suspects and comparing them and their clothing against the information which the police had concerning the sexual assault, and that the detention was limited as to place and duration. We concluded the stop itself was reasonable and that the force used in making the stop was reasonable given the facts known to the officers at the time the stop was made.

 Relying on these cases, we conclude the trial court was not clearly erroneous in finding that Greenawalt was not formally arrested at the hospital. Greenawalt was a suspect in a serious crime, driving while intoxicated leading to an injury accident. He was in custody for a limited duration and for the limited purpose of ascertaining his blood-alcohol level. After the police officer obtained the blood sample, Greenawalt was released. Greenawalt was never handcuffed or moved from the hospital. Under these circumstances we conclude that the trial court could find that although Greenawalt was in police custody, the custody never amounted to an arrest as that term is defined under AS 12.25.160.[1]

The conviction is AFFIRMED.

1. It is true that Greenawalt was told that if he

did not "voluntarily" give a blood sample at the

hospital he would be arrested and required by law to perform a breath test at the police station. *See* AS 28.35.035(a) and AMC 9.28.025(A). The parties to this appeal appear to agree that Officer Steppe had probable cause to arrest Greenawalt. However, just because Officer Steppe had probable cause to arrest Greenawalt does not mean that Officer Steppe was required to arrest Greenawalt or that Officer Steppe actually arrested Greenawalt. This is but one factual circumstance which the trial court could weigh in determining whether there was an arrest. The difficult choice which Officer Steppe gave Greenawalt may reflect on the voluntariness of Greenawalt's consent to a blood test. However, that issue is not raised in this appeal and we make no decision concerning that issue. We specifically do not decide whether the evidence of Greenawalt's blood-alcohol level would have been admissible over his objection at trial.