Michael CANNIZZARO, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2076.

Court of Appeals of Alaska.

Dec. 9, 1988.

James M. Hackett, Fairbanks, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Michael Cannizzaro was convicted of failure to appear in violation of AS 12.30.060(1) and was sentenced to two years and three months with two years suspended. Cannizzaro appeals, claiming that the trial court erred in denying his motion to dismiss based on his allegation that he was denied the right to a speedy trial. We affirm.

In 1984, Michael Cannizzaro was convicted of misconduct involving a controlled substance in the third degree and was sentenced to three years with 18 months suspended. Cannizzaro appealed his conviction and was released on bail pending appeal. In April 1986, after his conviction was affirmed, Cannizzaro filed a motion to modify his sentence to time served (2 days in jail). Cannizzaro, his trial counsel, and the prosecutor appeared in court on May 9, 1986. At that time, Superior Court Judge Jay Hodges scheduled a hearing on the motion to modify for June 5. Judge Hodges also vacated an order requiring Cannizzaro to report to jail on May 13.

Cannizzaro failed to appear at the June 5 hearing. Judge Hodges, on his own motion, issued a bench warrant authorizing Cannizzaro's arrest. In the meantime, Cannizzaro had gone to Washington. On June 12, 1986, he was arrested in Washington on a federal charge in connection with a bank robbery in Fairbanks. Soon thereafter he was returned to Alaska in the custody of federal authorities. On June 27, 1986, while in jail on the federal charge, Cannizzaro was served with the June 5 bench warrant. He was arraigned on the warrant the following day.

On October 9, 1986, a grand jury returned an indictment charging Cannizzaro with failure to appear in violation of AS 12.30.060(1). Cannizzaro was arraigned on the charge on October 13. The court scheduled an omnibus hearing for December 10, 1986, and trial for the week of January 12, 1987. On January 6, 1987, Cannizzaro moved to dismiss his indictment, alleging a violation of his right to a speedy trial under Criminal Rule 45. He argued that the 120–day speedy trial period provided for under Criminal Rule 45 began running on June 27, 1986, when he was served with the June 5 bench warrant issued by Judge Hodges. Cannizzaro ar-

gued that since more than 120 days had elapsed from that date, he was entitled to a dismissal of the failure to appear charge.

Superior Court Judge James R. Blair denied Cannizzaro's motion, ruling that his arrest on the June 5 bench warrant did not trigger the 120–day period under Criminal Rule 45. Cannizzaro was subsequently tried by a jury on the failure to appear charge and was convicted. He appeals, renewing his speedy trial claim.

The sole issue on appeal is whether the trial court erred in denying Cannizzaro's motion to dismiss under Criminal Rule 45. Criminal Rule 45 states, in relevant part:

(a) Priorities in Scheduling Criminal Cases. The court shall provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings and the trial of defendants in custody shall be given preference over other criminal cases. Trial dates in criminal cases in the superior court shall be set at the time of arraignment, and if a trial date is thereafter vacated, the trial shall be immediately set for a date certain.

(b) Speed Trial Time Limits. A defendant charged with a felony, a misdemeanor, or a violation shall be tried within 120 days from the time set forth in paragraph (c) of this rule.

(c) When Time Commences to Run. The time for trial shall begin running ... as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first.

Cannizzaro claims that service of the bench warrant on June 27, 1986, should have begun the running of the 120–day period. He reasons that service of the warrant began a "criminal prosecution" against him, triggering Criminal Rule 45. In Cannizzaro's view, the service of the bench warrant was the equivalent of the commencement of a criminal contempt proceeding under AS 09.50.020, which, he argues, is a criminal prosecution.

Cannizzaro points out that, under Criminal Rule 45, time commences to run "from the date the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant, whichever is first." Alaska R.Crim.P. 45(c)(1). According to Criminal Rule 45(c)(1), "arraignment ... relating to subsequent charges arising out of the same conduct ... shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time of the original commencement date of the 120–day period...." *See, e.g., Koch v. State,* 653 P.2d 664, 667–68 (Alaska App.1982). Cannizzaro contends that, because his June 27 arrest on the bench warrant commenced a criminal prosecution for failure to appear, his speedy trial time began running on that date, and his subsequent indictment and arraignment for essentially the same conduct did not commence a new speedy trial period.

In our view, however, Cannizzaro is mistaken, because the service of the bench warrant did not begin a criminal contempt prosecution, or any other prosecution, against him. Standing alone, a bench warrant for failure to appear serves a single purpose: to secure a person's presence in a proceeding that has already been initiated. Here, the June 5 warrant only ensured Cannizzaro's presence for further sentencing proceedings relating to his previous conviction for possession of cocaine.

The definition of "arrest," for purposes of Criminal Rule 45(c), was explained in *Lindsay v. State,* 698 P.2d 659 (Alaska App.1985). Lindsay was interviewed by the police about his involvement in a fur robbery. The police did not formally arrest Lindsay, and he was allowed to return home. He was subsequently indicted for theft by receiving. This court held that Lindsay was in custody for fourth amendment purposes during the police interview, but that his detention did not constitute an "arrest" under Criminal Rule 45(c). We held that, for there to be an arrest under Criminal Rule 45, a person must be taken into custody to answer for the commission of a crime. *Lindsay,* 698 P.2d at 663. *See*

*also* AS 12.25.160; *G.D. v. State*, 681 P.2d 366 (Alaska App.1984).

In the present case, the June 5 bench warrant did not charge Cannizzaro with a crime or command his arrest for the commission of a crime. Cannizzaro was not "held to answer" for a new charge upon his arrest on the warrant. Rather, his arrest acted only to secure his presence for sentencing proceedings he had previously missed. Because Cannizzaro was not arrested for purposes of Criminal Rule 45 when he was served with the bench warrant on June 27, 1986, his October 13 arraignment on the indictment was the event that triggered the 120–day speedy trial period. Since Cannizzaro's January 12, 1987, trial date was within 120 days of his October 13, 1986, arraignment, his right to a speedy trial under Criminal Rule 45 was not violated.

The judgment of the superior court is AFFIRMED.