Corey William HAYES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2891.

Court of Appeals of Alaska.

April 13, 1990.

Jeffrey K. Rubin, Law Offices of Richard H. Friedman, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Corey William Hayes was convicted, based upon his plea of no contest, of failure to appear, an unclassified felony which carries a maximum sentence of five years of imprisonment. AS 12.30.060(1). Hayes reserved his right to appeal Superior Court Judge Karl S. Johnstone's denial of Hayes' motion to dismiss the indictment which was based on Criminal Rule 45, the speedy trial rule. *Cooksey v. State*, 524 P.2d 1251

(Alaska 1974). Judge Johnstone sentenced Hayes to three years of imprisonment on the failure to appear charge. Judge Johnstone imposed this sentence consecutively to the sentence for a conviction for sexual abuse of a minor in the second degree, to which Hayes had formerly been sentenced to seven years of imprisonment. Hayes appeals to this court, contending that Judge Johnstone erred in failing to dismiss the indictment against him under Criminal Rule 45 and that his sentence is excessive. We affirm.

On September 25, 1984, Hayes pled no contest to one count of sexual abuse of a minor in the second degree. The court set sentencing for November 30, 1984; on motion of defense counsel, the court continued sentencing to February 8, 1985. On January 8, 1985, the court issued an arrest warrant for Hayes because Hayes had left the custody of his third-party custodian. On February 8, 1985, Hayes' sentencing was set over until February 27. On February 27, 1985, Hayes did not appear. His attorney told the court that he had had no recent contact with Hayes. The next day, Superior Court Judge S.J. Buckalew, Jr., issued a bench warrant for Hayes for failure to appear. The former warrant issued on January 8 was recalled as unserved. On March 7, 1985, the district attorney's office filed an information charging Hayes with felony failure to appear. The state mailed a copy of this information to Hayes' attorney. The district attorney's office requested an arrest warrant in connection with this information, but District Court Judge David C. Stewart denied the request on the ground that the state had not shown compliance with Criminal Rule 4. On November 19, 1985, Judge Stewart dismissed the failure to appear charge, *sua sponte*, on the ground that the state had not complied with Criminal Rule 4 and had not served Hayes with process.

On August 19, 1987, Hayes was arrested in the State of Washington. On September 8, 1987, he was returned to Alaska. He was served with a warrant dated February 28, 1985, which the court issued when Hayes failed to appear at sentencing on the sexual abuse conviction. On October 3, 1988, the court imposed a sentence of seven years of imprisonment for the sexual abuse conviction. On October 7, 1988, a grand jury indicted Hayes for failing to appear at the February 27, 1985, sentencing hearing. Hayes was arraigned on this indictment on October 11, 1988. Hayes filed a motion to dismiss the indictment based on Criminal Rule 45. On November 23, 1988, the trial court denied Hayes' motion to dismiss. On January 17, 1989, Hayes filed a second motion to dismiss the indictment. The court denied the second motion to dismiss on January 18, 1989, and Hayes entered his no contest plea to the failure to appear charge, reserving his right to appeal the Criminal Rule 45 issue.

Hayes contends that Judge Johnstone erred in denying his motion to dismiss the indictment because of a violation of Criminal Rule 45. Rule 45(b) provides that a defendant shall be tried within 120 days from the time set out in Rule 45(c)(1). Rule 45(c)(1) states that the Rule 45 period begins to run "[f]rom the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first." Hayes argues that the Rule 45 period began on March 7, 1985, when the district attorney's office mailed to Hayes' attorney a copy of the information charging Hayes with failure to appear at the February 27, 1985, sentencing hearing. The state contends that the Rule 45 period did not begin to run until October 11, 1988, the day Hayes was formally arraigned on the failure to appear charge. According to the state, serving the copy of the 1985 information upon Hayes' attorney through the regular mail system did not constitute proper service under Criminal Rule 4 and consequently did not trigger Rule 45.

Hayes points out that the 1985 information and the 1988 indictment relate to the same conduct—his failure to appear at the sentencing hearing on February 27, 1985. Under Rule 45(c), refiling of the original charge does not extend the 120-day time limit unless new evidence, not previously available to the prosecution, comes to light.

Because the 1985 information and the 1988 indictment are based on the same charge, Hayes asserts that the Rule 45 time period must begin with the 1985 proceedings.

This case turns on whether regular mail delivery of the information to Hayes' attorney of record constituted proper service for the purpose of triggering Rule 45. Criminal Rule 4(c)(3) provides in relevant part:

> The summons shall be served upon the defendant by delivering a copy to him personally, or by leaving it at his dwelling or usual place of abode with some person of suitable age and discretion then residing therein or in any other manner provided for service of process in civil actions.

The civil rules also provide for personal delivery. Civil Rule 4(d)(1) provides that service may be made

> [u]pon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Both Criminal Rule 4(c)(3) and Civil Rule 4(d)(1) require personal delivery. Since the information was sent by mail, neither of these rules is applicable.

Civil Rule 4(h) allows for service by mail but requires that

> copies of the summons and complaint or other process shall be mailed by the clerk for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive his restricted delivery mail.

The record indicates that the 1985 information was not mailed to Hayes' attorney by certified or registered mail, making Civil Rule 4(h) inapplicable as well.

■ Hayes contends that Civil Rule 5(b) and Criminal Rule 44(b) authorize an attorney to receive process on behalf of his client. However, Civil Rule 5(b) concerns pleadings subsequent to the original complaint, and Criminal Rule 44(b) concerns motions and similar papers. Neither Civil Rule 5(b) nor Criminal Rule 44(b) address service of the initial process. In any event, even assuming that an attorney is authorized to receive process on behalf of a client, since there was neither personal delivery nor delivery by certified or registered mail, the 1985 information was never served on Hayes in a manner which triggered the running of Rule 45.[1]

1. Under Civil Rule 4(d)(1) Hayes' attorney would not properly be an "agent authorized by appointment or by law to receive service of process." According to Wright and Miller, 4A *Federal Practice and Procedure* § 1097, 83–87 (1987) (footnotes omitted), regarding the identical federal provision:

> A third method of effecting personal service on an individual under Rule 4(d)(1) is by delivery of a copy of the summons and complaint to an agent of defendant. The agent must be one who is authorized either by appointment or by law to receive service of process on behalf of defendant....
>
> The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as defendant's agent for some purposes does not necessarily mean that the person has authority to receive process. The courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must

either be express or implied from the type of relationship between defendant and the alleged agent. Thus, a financial agent or manager of defendant's business or even defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place. Consistently with this judicial construction of "appointment," the courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind defendant; there must be evidence that defendant intended to confer such authority upon the agent. The requisite intent, however, may be implied from the terms of a broad power of attorney or from the circumstances surrounding the service upon the agent.

In the instant case, Hayes had failed to appear and there was no reason for the state to anticipate that service on Hayes' attorney would effectively act to serve Hayes.

Hayes next relies on Civil Rule 12(h)(1) to waive any defect in the service of process of the 1985 information. Civil Rule 12(b) and (h)(1) provide that a defense of insufficiency of process or insufficiency of service of process is waived if the defense is not included in the responsive pleading to the complaint or if the defense is not made by a motion preceding the responsive pleading. It appears that Hayes is arguing that since he did not protest the insufficiency of process or its service at the time it was served on his attorney, the defect was waived, triggering the process of prosecution and Rule 45.

■ The flaw in Hayes' argument is that Hayes is not asserting the insufficiency of service of process as a defense against prosecution. Rather, he twists the rule to read that his failure to assert the defense precludes the state from abandoning a prosecution before it technically began. We do not believe Civil Rule 12(h)(1) was intended to accommodate such an interpretation. Since Hayes is not asserting the insufficiency of service of process as a defense to prosecution, we conclude that Civil Rule 12(h)(1) does not apply to the facts of this case. Therefore, Criminal Rule 45 did not begin to run on the failure to appear charge at the time the 1985 information was mailed to Hayes' attorney.

Hayes was arrested on a bench warrant issued on February 28, 1985, on the ground that he had failed to appear for sentencing in the sexual abuse matter. He was returned to Alaska on September 8, 1987. On September 14, 1987, the state again served papers related to his failure to appear charge on Hayes' attorney. Hayes points out that the state then took no further action until it obtained an indictment in October 1988, more than one year later.

However, in *Cannizzaro v. State*, 765 P.2d 110, 111 (Alaska App.1988), we held that service on a bench warrant, which was issued for failure to appear at a sentencing hearing, did not begin the running of Rule 45 on the separate charge of failure to appear. We noted that the bench warrant did not charge the defendant with a crime or command his arrest for commission of the crime, but rather acted only to secure the defendant's presence for sentencing proceedings which he had already missed. *Id.* We concluded that the 120–day speedy trial period did not begin until the defendant was formally indicted and arraigned on the failure to appear charge. *Id.* at 112.

■ Hayes was arrested based upon a bench warrant which was issued in response to Hayes' failure to appear. Like Cannizzaro, Hayes was not held to answer on a new charge. The warrant acted only to secure Hayes' presence for sentencing on the sexual abuse case. Therefore, the warrant did not trigger the running of Criminal Rule 45.

Hayes' purpose in focusing on the service of the February 28, 1985, bench warrant is apparently to establish that as of September 8, 1987, the state knew his whereabouts and he was available for prosecution. If the defendant's whereabouts are known and he is available for prosecution, the 120–day time period continues to run against the state. *See* Crim.R. 45(d)(4). However, in order for Hayes' argument to be relevant, the state must have done something to start the Rule 45 clock. Hayes has not shown that the state did anything to trigger the Rule 45 before Hayes was arraigned on the indictment for failure to appear on October 11, 1988. We accordingly conclude that Judge Johnstone did not err in refusing to dismiss the case against Hayes pursuant to Criminal Rule 45.

Hayes also contends that his three-year sentence for failure to appear is excessive. In order to properly evaluate Hayes' sentence for failure to appear, we must consider that sentence in conjunction with other sentences which Hayes faces. *Waters v. State*, 483 P.2d 199, 201–02 (Alaska 1971). For purposes of sentencing on the failure to appear conviction and the sexual abuse conviction, Hayes was a third felony offender. Sexual abuse of a minor in the second degree is a class B felony. AS 11.41.436(b). As a third felony offender, Hayes was subject to a presumptive term of six years of imprisonment. AS 12.55.-125(d)(2). However, the trial judge found

an aggravating factor, that Hayes had been convicted of three or more prior felonies. AS 12.55.155(c)(15). He therefore sentenced Hayes to an aggravated presumptive sentence of seven years of imprisonment. Judge Johnstone imposed Hayes' three-year sentence for failure to appear consecutively to his sentence in the sexual abuse case.

Alaska Statute 12.30.060(1) provides that a person who wilfully fails to appear before a court in connection with a felony, or while awaiting sentence after conviction of an offense, is guilty of a felony and can be punished by a fine of not more than $5,000 or by imprisonment for not more than five years, or by both. Failure to appear is not a classified felony. However, Judge Johnstone seems to have analogized the failure to appear penalties to those for a class C felony, which also carries a maximum sentence of five years. AS 12.55.125(e). He pointed out that if failure to appear were a class C felony, Hayes would be a third felony offender and that he would be subject to the statutory aggravating factor that Hayes had previously committed three or more felonies. See AS 12.55.155(c)(15). Judge Johnstone imposed a sentence of three years, which is similar to the three-year presumptive sentence for a third felony offender convicted of a class C felony. However, Judge Johnstone did not restrict Hayes' parole.

Hayes' criminal history began in 1958 in Georgia, where he was first convicted of armed robbery. In 1963, he was convicted twice for burglary. He was again convicted of burglary in 1971. While he was serving time for the 1971 burglary conviction, Hayes escaped and fled to Washington. He was captured in Washington but was not extradited. Hayes was placed on parole supervision in Washington instead. Hayes' parole expired in 1979, and in 1980, his Georgia sentence was commuted to time served. In 1984, Hayes was convicted of sexual abuse of a minor in the second degree in Anchorage. The victim of the sexual abuse was Hayes' twelve-year-old stepdaughter. Hayes has several other convictions for more minor offenses such as driving while intoxicated, failure to stop,

and misconduct involving a weapon. Hayes also has a long history of alcohol abuse which has apparently contributed to several of his previous convictions. Hayes argues that his participation in Alcoholics Anonymous during the time he was a fugitive is a factor on which the court should have placed more weight in considering Hayes' prospects for rehabilitation. However, Judge Johnstone was entitled to take into account Hayes' long history of alcohol abuse and record of offenses in concluding that Hayes' prospects for rehabilitation were guarded.

In general, where a defendant commits the crime of escape or failure to appear, there is a strong argument for the imposition of a consecutive sentence. *See Walton v. State,* 568 P.2d 981, 986 (Alaska 1977) ("use of consecutive sentences is particularly appropriate in cases ... where one escapes while incarcerated on another charge"). Given the extent of Hayes' failure to appear, the seriousness of the charges he was facing, and his extensive criminal record, we conclude that Hayes' sentence is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.