**Tommy A. DeMILLE, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 3927.**

Supreme Court of Alaska.

July 31, 1978.

Mark R. Moderow, Moderow, Walsh, Johnson & James, Anchorage, for petitioner.

Robert C. Bundy, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for respondent.

1. The record shows that Moderow filed an entry of appearance on November 9, 1977. The record further shows that Moderow represented DeMille at his preliminary hearing which was held on November 18, 1977.

2. The applicable 120-day period under Criminal Rule 45 expired on March 9, 1978.

3. Curiously, the record also indicates that during the proceeding of January 17, 1978, counsel for the prosecution stated that the 4-month rule commenced on November 9. The superior court inquired of defense counsel if he had any objection to this date for purposes of the rule. No objection was made by defense counsel,

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

On October 24, 1977, a criminal complaint was filed against petitioner Tommy DeMille charging him with the offense of grand larceny. Thereafter, on November 9, 1977, DeMille turned himself in to the Alaska State Troopers. On this same date De-Mille—appearing with his counsel, Mark Moderow—was arraigned in district court in Palmer, Alaska.[1] Subsequently, on January 12, 1978, an indictment was returned against DeMille; and arraignment proceedings were held before Superior Court Judge Ralph Moody on January 17, 1978.

At this arraignment DeMille—again appearing with his counsel, Mark Moderow— entered a plea of not guilty. Trial was set to commence the week of March 20 before the first available judge[2] and an omnibus hearing was scheduled for February 9, 1978. No objection was made by DeMille's counsel to this trial date setting. It further appears that the clerk of the superior court inadvertently listed the commencement date of the Criminal Rule 45 time period as January 9, 1978, with the expiration date as falling on May 9, 1978.[3] On March 13, 1978, the 124th day after DeMille's surrender and arraignment, his counsel filed a motion to dismiss for failure to comply with Criminal Rule 45.[4]

and the court took November 9th as the established date for purposes of Criminal Rule 45.

4. The relevant sections of Criminal Rule 45 provide:
 (b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120 days from the time set forth in section (c).
 (c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:
 (1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first.

After a hearing, the superior court denied DeMille's motion to dismiss and appeared to base its ruling on two factors. First the court found a lack of prejudice to DeMille by the delay. Second, the court stated:

> [E]ven Courts are entitled to make mistakes as long as they don't make too many of them and this is clearly a mistake . . . everyone acted on . .

> . . . . .

> [T]here is no question that the court made a mistake here but I think we are entitled to make one occasionally.

The superior court further indicated that it was willing to commence DeMille's trial immediately if counsel wished; otherwise, it remained on the calendar for the following week. On March 16, 1978, DeMille applied to this court for a stay of his trial pending consideration of his petition for review. DeMille's application for stay was granted.

In *Peterkin v. State*, 543 P.2d 418 (Alaska 1975), we specifically ruled that "for purposes of determining whether a speedy trial violation existed . . . , it was not relevant that [the defendant] failed to demand a trial and the trial judge erred in considering it necessary." [5] The facts of the instant case distinguish it from *Peterkin* and have led us to conclude that the superior court's denial of DeMille's motion to dismiss for violation of Criminal Rule 45 should be sustained.

In the case at bar, the most significant distinguishing factor is that DeMille's counsel did not object to the March 20 trial date when the trial date setting was made in open court. No objection was made by counsel for DeMille despite the fact that he had represented DeMille on November 9, 1977, the date on which DeMille surrendered himself to the police and was first arraigned on the grand larceny charge. Thus, it is clear that counsel for DeMille knew or should have known that the time for trial, under Criminal Rule 45, commenced on November 9, 1977, and that the superior court's trial date setting of March 20, 1978, fell outside the permissible 120-day period provided by Criminal Rule 45.[6] Given these circumstances, we hold that DeMille waived any objection to the superior court's failure to comply with Criminal Rule 45.

Although we have determined that the superior court's denial of DeMille's speedy trial motion should be affirmed, we think it appropriate to make two brief additional observations concerning the superior court's reasons for the ruling. First, this court has never ruled that the defendant must show prejudice in order to invoke Criminal Rule 45.[7] Second, we have held explicitly that it is the responsibility of the trial court to develop "failsafe" procedures to avoid the dismissal of cases pursuant to Criminal Rule

**5.** *Peterkin v. State*, 543 P.2d 418, 422 (Alaska 1975) (footnote omitted). In *Peterkin*, we also said:

> We take this occasion to express the view that close court supervision is necessary to avoid problems exemplified by this case. . .

> [T]he court process is involved and the court must exercise control over it. The control over the criminal trial calendar requires the use of safeguards to guarantee that the pretrial procedures will be carefully monitored and that failsafe techniques will bring to light cases which approach the 120-day limit.

*Id.* at 424 (footnotes omitted).

**6.** We also think it significant that approximately one month after the in-court trial date setting was announced, an omnibus hearing was held before Superior Court Judge Mark Rowland; and at that hearing, DeMille's counsel

made no motions or objections concerning the March 20, 1978, trial date setting.

**7.** The issue of prejudice was introduced in *Peterson v. State*, 562 P.2d 1350 (Alaska 1977). In that case, we held that the defendant's right to a speedy trial was not significantly prejudiced by the delay and that any prejudice there may have been to the defendant was outweighed by the public interest in having the defendant tried for the extremely serious crimes of which he was accused. In *Peterson*, we enunciated four factors which combined to make the case a rare exception to the mandate of Criminal Rule 45: (1) the severity of the crimes alleged, (2) the lack of identifiable prejudice to the defendant, (3) the extremely short period of delay beyond 120 days, and (4) the unique difficulty of investigating crimes in bush areas.

45.[8] Thus, although we agree with the superior court's resolution of the speedy trial motion, we disagree with the reasons articulated for its decision.

Affirmed.

---

8. *See* note 5, *supra*, for the applicable text of *Peterkin v. State*, 543 P.2d 418, 424 (Alaska 1975).