**Andrew WESTDAHL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3928.**

Supreme Court of Alaska.

March 30, 1979.

Allan Beiswenger, Asst. Public Defender, Bethel, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Victor C. Krumm, Dist. Atty., Bethel, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Justice.

On February 12, 1977, Andrew Westdahl was operating a motor vehicle which struck a pedestrian. He was arrested by Officer Charles of the Bethel police and charged with violating a city ordinance prohibiting the possession of open bottles of alcoholic beverages by intoxicated persons in automobiles.[1] Westdahl entered a no contest plea to the charge and was fined forty dollars. On March 21, Officer Charles filed a misdemeanor complaint against Westdahl, for operating a motor vehicle while intoxicated (OMVI).[2] This charge, which was served on Westdahl on April 4, also arose from the February 12 incident.

At arraignment, on April 22, Westdahl pleaded not guilty to OMVI and requested a jury trial. Neither Westdahl nor the district attorney was present. Westdahl, however, was represented by the public defender who filed a written waiver of appearance form signed by Westdahl in accordance with Criminal Rule 38(c)(2).[3] The district court set the trial date for July 25, 1977. On May 16, the district attorney's office realized that there might be a problem with Criminal Rule 45(b) and (c)(1), which man-

---

1. Bethel city ordinance 9.16.010. The ordinance was later amended to exclude the requirement that the possessor be intoxicated. *See Peter v. State*, 531 P.2d 1263, 1270–71 (Alaska 1975).

2. A violation of AS 28.35.030.

3. Criminal Rule 38(c)(2) provides:
   (c) *Presence Not Required.* A defendant need not be present in the following situations:

(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence . . . .

date trial within 120 days of arrest.[4] It sent a brief memorandum to the court expressing its concern and requesting an earlier trial date. However, this memorandum did not explain the basis for concern, i. e., the February 12 arrest. The trial court, unaware of this arrest and assuming that the criminal proceedings against Westdahl began with the March 21 filing, responded that the July date would present no Rule 45 problem. The district attorney took no further action at this point.[5] Westdahl's public defender was also silent.

On July 27, Westdahl moved for dismissal of the charges because of the violation of Rule 45. After a hearing, the district court granted his motion. The state petitioned for review, and the superior court reversed that ruling and ordered the charges reinstated, finding that there had been a Rule 45 violation but that the interests of justice warranted suspending that rule's remedy of automatic dismissal of the charges.[6] Westdahl then entered a no contest plea, reserving the right to appeal on the speedy trial issue.[7] A second superior court judge on a motion for reconsideration affirmed the conviction on the same ground, and this appeal followed.

We are faced here with three Rule 45 issues. Westdahl urges us to overturn the superior court's suspension of the automatic dismissal mandate. The state, in addition to defending that suspension, argues that there was no Rule 45 violation and, even if there was, it was waived by Westdahl's failure to object to a trial date that he knew would contravene that rule.

A. Commencement of the 120-day period.

██ Under the state's theory, the state OMVI charge did not arise out of the same conduct as the local ordinance violation, and hence the 120-day period did not begin to run on the date of the first arrest.[8] The state argues that the two laws serve different societal goals and require different elements of proof.[9] However, the record establishes that Officer Charles had the necessary information to charge Westdahl with OMVI at the time of the initial arrest. Given the clear language of Criminal Rule 45(c)(1), this fact disposes of the state's theory. *See Peterson v. State*, 562 P.2d 1350, 1356–58 (Alaska 1977).

██ The state also argues that the April 4 service date should have been the date used for Rule 45 computation in part be-

---

**4.** Criminal Rule 45(b) reads:

*Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120 days from the time set forth in section (c).

Criminal Rule 45(c)(1) reads:

*When Time Commences to Run.* The time for trial shall begin running, without demand by the defendants, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution; . . .

**5.** The district attorney explained that he had interpreted the court's response to indicate that Westdahl had waived his Rule 45 rights.

**6.** Criminal Rule 45(g) reads:

*Absolute Discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense charged and for any other lesser included offense within the offense charged.

**7.** Pursuant to *Cooksey v. State*, 524 P.2d 1251, 1255–56 (Alaska 1974).

**8.** Specifically, the OMVI charge required proof that Westdahl was driving the vehicle, while the Bethel ordinance only required that he was riding in it. Both required that he be proven intoxicated.

**9.** Indeed, the district attorney conceded this point at the hearing on Westdahl's motion to dismiss.

cause the district attorney did not learn of the OMVI violation until March 21. Officer Charles, however, was empowered to make arrests for both state and local violations, and the state must be charged with his delay in filing the state OMVI charge. Nothing in Rule 45(c)(1) supports the state's contention here.

█ All three judges below agreed that Westdahl's Rule 45 right to be tried within 120 days of his arrest was violated.[10] We affirm that finding.

B. Suspension of Criminal Rule 45(g).

In *Peterson v. State*, 562 P.2d at 1360, we approved the trial court's invocation of Criminal Rule 53 [11] to suspend operation of Criminal Rule 45(g), mandating dismissal of charges because of a Rule 45 violation. We found that four factors combined to make *Peterson* a "rare exception" to that mandate: the severity of the crimes charged, the lack of any identifiable prejudice resulting from the delay, the brevity of the period beyond 120 days, and the difficulty of investigating crimes in the bush. *Id.* at 1360. We further stated:

> We caution bench and bar, however, that the result we reach here is not to be taken as an indication that Rule 45 can often be properly relaxed. Although every criminal case has unique features, few cases will be sufficiently unusual to justify relaxation of Rule 45. We view each of the four factors listed which are present in this case to be an integral part of our decision that relaxation of Rule 45

was appropriate in this case. Only a very small number of cases can be considered so unusual that relaxation of Rule 45, which is designed to protect the rights of the defendant and to advance the interest of society in swift justice, would be justified. *Id.* [footnote omitted].

█ We must conclude that both superior court judges erred in applying the *Peterson* rule to the case at bar. While the delay here was short and non-prejudicial, the crime was not sufficiently serious to outweigh society's interest in the orderly administration of justice through adherence to the Rules of Criminal Procedure.[12] OMVI is a serious misdemeanor, but it is still only a misdemeanor. The right to a speedy trial is an important and basic one, and Rule 45(g) ensures that the state will respect that right. It should be suspended only in extraordinary situations. This is not such a situation.

C. Waiver.

The state contends that Westdahl waived his Rule 45 right by failing to object to a trial date that he knew was beyond the permissible limit.[13] Rule 45(c) specifically states that the defendant need not demand trial to begin the operation of the rule, and we held, in *Peterkin v. State*, 543 P.2d 418, 422 (Alaska 1975), that this language prevented the imposition on the defense of "an equal obligation to inform the court of all relevant developments in a case." [14]

10. Judge Cooke, sitting as a district court judge, Judge Van Hoomissen, reviewing Judge Cooke's dismissal of the complaint, and Judge Taylor, hearing the case on appeal after Westdahl's plea. The latter two judges, however, considered the case an appropriate one for a relaxation of the rule.

11. Criminal Rule 53 reads:
> *Relaxation of Rules.* These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

12. In addition, this was not a bush crime requiring extensive investigation. We do not attribute great weight to this *Peterson* factor,

though, since Rule 45 becomes operative only when formal charges are filed, and such filing can be postponed until the police feel that their investigation is adequate. *Yarbor v. State*, 546 P.2d 564 (Alaska 1976).

13. The trial courts did not discuss this issue.

14. We also reaffirmed in *Peterkin* our holdings in *Rutherford v. State*, 486 P.2d 946 (Alaska 1971), and *Glasgow v. State*, 469 P.2d 682 (Alaska 1970), both cases on the constitutional right to speedy trial, that "the burden is upon the state to give a speedy trial or be denied the power to prosecute." *Peterkin v. State*, 543 P.2d at 422 (footnote omitted).

Nevertheless, we have held that where defense counsel is present at a trial setting and is aware that the date set for trial falls outside the permissible 120-day period, a failure to object constitutes a waiver. *De-Mille v. State*, 581 P.2d 675 (Alaska 1978). The facts in *DeMille* were strikingly analogous to this case. *DeMille* was originally arraigned in district court in Palmer, Alaska on November 9, 1977. Subsequently, an indictment arising out of the same conduct was returned and DeMille was again arraigned before a superior court judge on January 12, 1978. The clerk incorrectly listed the commencement date for Criminal Rule 45 as January 9, 1978. Counsel for DeMille had represented him at the earlier arraignment but did not object when the trial date was set beyond the 120-day period due to the trial judge's mistaken belief as to the commencement date. We held that under the circumstances, DeMille had waived any objection to the superior court's failure to comply with Criminal Rule 45. *Id.* at 677.

Here, Westdahl was originally arrested for the city violation on February 12, 1977. He was subsequently served with state charges on April 4, 1977, which was the date listed by the judge as the Rule 45 commencement date. At the arraignment on April 22, 1977, counsel for defendant should have been aware that the court was using the April 4, 1977 commencement date. It does not appear, however, that the public defender, then representing Westdahl, was the same attorney who represented him on the city charge, or that he was aware that Westdahl had been arrested earlier on the city charges arising out of the same conduct. In order to ascertain whether a *De-Mille* waiver occurred, it is necessary to ascertain whether the attorney who represented Westdahl at the April 22, 1977 arraignment was then aware of the earlier arrest and that such arrest was on a charge arising out of the same conduct which was the basis for the state OMVI complaint. If so, we hold that Westdahl waived the commencement of the 120-day period on February 12, 1977. If the attorney was not aware of the earlier arrest or was not aware it arose out of the same conduct which was the basis for the latter charge, there was no waiver, and the conviction must be reversed for violation of the provisions of Rule 45.

The case is remanded to the superior court for the purpose of resolving the factual issues with reference to the possible waiver, and the entry of such further orders as should be appropriate in accordance with this opinion.