**Maggie AHMAOGAK and Charles Neokak, Petitioners,**

v.

**STATE of Alaska, Respondent.**

**No. 4171.**

Supreme Court of Alaska.

June 8, 1979.

Robert S. Spitzfaden, Smith & Taylor, Anchorage, for Ahmaogak.

Mary E. Greene, Asst. Public Defender, Fairbanks, Brian C. Shortell, Public Defender, Anchorage, for Neokak.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for respondent.

## OPINION

Before CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

The question presented by this petition is whether service of a Uniform Summons and Complaint triggers the 120 day period in which trial must be commenced under Criminal Rule 45(b). We hold that it does.

On August 18, 1977, Maggie Ahmaogak and Charles Neokak were each served with a document entitled UNIFORM SUMMONS AND COMPLAINT, DEPARTMENT OF PUBLIC SAFETY, by officers of the State Department of Fish and Game. The documents[1] stated that petitioners

---

1. Only the document handed to petitioner Neokak was placed into evidence. The state concedes that Ahmaogak received an identical document.

were in possession of game in violation of 5 AAC 81.140(b),[2] and that they were to appear in the magistrate court of Barrow on September 14, 1977. It was further stated that failure to appear would be cause for issuance of arrest warrants. The citations were signed by one of the officers but were not thereafter sworn to or filed in court.

■ Ahmaogak and Neokak appeared in court on September 14, as commanded. The magistrate had been given no notice of the complaint and called Fairbanks for instructions. The next day, one of the Fish and Game officers swore out new complaints before Judge Miller in Fairbanks. These complaints were forwarded to Barrow and filed, but service was not made on Ahmaogak until November 15; Neokak was never served. Both petitioners, however, were finally arraigned on November 29. A public defender, who was present in the courtroom, was appointed to represent Neokak at that time; Ahmaogak stated she would procure private counsel. The court was not informed of the August 18th Summons and Complaint,[3] and trial was orally scheduled for January.

However, nothing happened until February 7, 1978, when counsel for Ahmaogak entered his appearance. On February 17, the state moved to set a trial date. At a pre-trial hearing before Judge Taylor, sitting as district court judge, petitioners moved to dismiss on the basis of Criminal Rule 45(b), claiming that trial should have commenced by December 16. The motion was denied, and the denial was affirmed by the superior court, whereupon this petition was filed.

Criminal Rule 45 provides, in pertinent part:

> (b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120

days from the time set forth in section (c).

> (c) *When Time Commences To Run.* The time for trial shall begin running, without demand by the defendant, as follows:
>
> ✷ (1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . .

The question presented here is whether the Uniform Summons and Complaint was a "charge" served on petitioners sufficient to trigger the 120 day requirement. The state contends that it was not, for the state reads Rule 45(b) as specifically limiting a "charge," in misdemeanor cases, to a "complaint," as that term is technically defined. We do not read the rule so narrowly.

■■ "Rule 45 was promulgated to insure protection of the constitutional right to a speedy trial and to advance the public interest in swift justice." *Peterson v. State,* 562 P.2d 1350, 1358 (Alaska 1977). As we noted in *Rutherford v. State,* 486 P.2d 946 (Alaska 1971), a primary purpose of the speedy trial guarantee is "to limit the infliction of anxiety upon the accused because of long-standing charges." *Id.* at 947 (footnote omitted).

Rule 45(c)(1) asserts that any of three events will trigger the period within which trial must commence: arrest, arraignment, or service of the charge. It is manifest that these are the three means by which a person will first be officially informed that he or she is accused of committing a crime. Whichever occurs first triggers the rule.

Where there is no arrest or arraignment, and no felony is alleged, official notice of a "charge" normally comes by way of a complaint, as Rule 45(c)(1) indicates parentheti-

**2.** 5 AAC 81.140(b) provides: "No person may possess or transport any game or parts of game illegally taken."

**3.** Both the public defender who represented Neokak at the arraignment, and the public defender who subsequently represented Neokak, have entered affidavits in this court stating that they did not become aware of the August 18th Summons and Complaint until February, 1978, when Ahmaogak's newly-hired counsel so informed them. There is no merit therefore, in the state's claim that Neokak waived his Rule 45 rights under *DeMille v. State,* 581 P.2d 675 (Alaska 1978). *See Westdahl v. State,* 592 P.2d 1214 (Alaska 1979).

cally. The complaint serves at least two functions: to provide notice to the accused, and to provide a legal basis upon which prosecution may proceed. As contemplated by Criminal Rules 3(a) and (b)[4] the latter purpose is usually fulfilled first. The complaint is generally sworn to before a judge or magistrate and only then is a copy served upon the defendant. The complaint and summons are served together.

The chronology may be reversed however. As provided for in Criminal Rule 4(a)(2), "[i]n any case in which it is lawful for an officer to arrest a person without a warrant, he may give such person a summons instead of arresting him." In such a case the accused receives notice of the charge *before* a complaint can be sworn to and filed with the court. This is what occurred in the instant case, pursuant to statute.

The papers served on petitioners were served by Fish and Game officers authorized by AS 16.05.150 to enforce game regulations as "peace officers of the state." AS 12.25.180 provides in part, that "[w]hen a person is stopped or contacted by a peace officer for the commission of a misdemeanor . . ., he may, in the discretion of the contacting peace officer, be issued a citation instead of being taken before a judge or magistrate . . .." The citation, in addition to giving notice of the alleged crime, instructs the person cited to appear in court on a specified day. As 12.25.190. Failure to appear is punishable "by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both." AS 12.25.230.

▰▰ The Uniform Summons and Complaint issued in this case never became a "lawful complaint" pursuant to AS 12.25.-220[5] or Criminal Rule 3(a), because it was never "sworn to" and never filed with the court. Instead, a second document, entitled "Complaint," was filed, alleging the identical crime. Had the citation been properly filed, Rule 45(c)(1) quite clearly provides that the date on which it was served would commence the 120 day period, not the date on which it was filed, and the filing of a second complaint could not serve to extend the 120 day period commenced on August 18.[6] Since notice of the commencement of prosecution to the defendant is the concern of the rule, it would be both overly technical and in violation of the intent of the rule to conclude that petitioners were not served with "the charge" on August 18, because of subsequent failure of the state to have the citations sworn to and filed. We therefore

---

4. Criminal Rules 3(a) and (b), Alaska R.Crim.P. provide:

(a) The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before any judge or magistrate, except that complaints for traffic violations or for misdemeanors where the arrest has been made without the necessity of a warrant may be signed before any person authorized by law to administer oaths. A citation issued for the commission of a misdemeanor or the violation of a municipal ordinance shall have the same force and effect of a complaint and shall be filed as a complaint so long as it is sworn to and conforms to the requirements of a valid complaint as provided by these rules.

(b) A copy of the complaint shall be served upon the defendant at the time of service of the summons, and whenever practicable, upon execution of the warrant.

5. As 12.25.220 provides:
*When copy of citation considered a lawful complaint.* If the form of citation provided under § 200 of this chapter includes information and is sworn to as required under the laws of this state in respect to a complaint charging commission of the offense alleged in the citation, then the citation when filed with a court having jurisdiction is considered to be a lawful complaint for the purpose of prosecution.

6. The last sentence of Criminal Rule 45(c)(1) provides:
The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution.

hold that when a citation is served which gives a person official notice that he or she is accused of a crime and is summoned to appear in court to answer for such crime upon penalty of fine and/or imprisonment, the citation is a charge within the meaning of Criminal Rule 45(c)(1) which triggers the 120 day period.

REVERSED and REMANDED with instructions to dismiss the complaints.

RABINOWITZ, C. J., not participating.