**Austin KIZZIRE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–933.**

Court of Appeals of Alaska.

Feb. 28, 1986.

Rehearing Denied March 28, 1986.

Carol Greenberg, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Austin Kizzire was convicted after pleading no contest to two counts of sexual abuse of a minor, in violation of former AS 11.41.440(a)(1). His sole contention on appeal is that the trial court erred in failing to dismiss his case for violation of his right to a speedy trial under Alaska Rule of Criminal Procedure 45. We affirm.

In 1976, Kizzire was convicted of committing lewd and lascivious acts against a child, in violation of former AS 11.15.134. After serving a period of imprisonment, he was released on probation in 1980. As a

condition of probation, he was ordered to refrain from being in the presence of children. On August 21, 1984, Kizzire was arrested for violating this condition, when his probation officer observed him with three children. The following day, the state filed a petition to revoke Kizzire's probation. The eventual disposition of this petition is not in dispute.

Shortly after being arrested, Kizzire made statements admitting that he had engaged in sexual acts with two children several months previously. The Alaska State Troopers conducted an investigation that confirmed Kizzire's admissions and, on November 14, 1984, Kizzire was charged by indictment with two counts of sexual abuse of a minor. Trial on these charges was ultimately scheduled to begin on February 4, 1985.

On the date set for trial, Kizzire moved to dismiss his charges, arguing that his right to a speedy trial under Criminal Rule 45 had been violated because more than 120 days of unexcluded time had elapsed since his arrest on August 21, 1984. Superior Court Judge Thomas B. Stewart denied Kizzire's motion.

Judge Stewart assumed *arguendo* that the 120-day speedy trial period had commenced running on August 21, 1984, but concluded that Kizzire's trial counsel waived the right to rely on Rule 45 by acquiescing to the February trial date. *See DeMille v. State*, 581 P.2d 675 (Alaska 1978); *Andrew v. State*, 694 P.2d 168 (Alaska App.1985), *petition for hearing granted* (Alaska, May 6, 1985). On appeal, Kizzire challenges the trial court's finding of a waiver.

■ We find it unnecessary, however, to reach the issue of waiver, because it is clear as a matter of law that the 120-day speedy trial period did not commence running until November 14, 1984, the date of Kizzire's indictment.[1] Criminal Rule 45(c)(1) provides, in relevant part, that the 120-day speedy trial period begins to run:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant, whichever is first.... The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time of the original commencement date of the 120 day period and a showing of due diligence in securing the defendant for the original charges is made by the prosecution ....

It is undisputed in this case that Kizzire's arrest on August 21, 1984, was based exclusively on his being in the presence of children on that date, a violation of his conditions of probation. While two of the same children were apparently the subject of Kizzire's November 14 indictment, that indictment charged offenses occurring months before the violation for which Kizzire was arrested. Indeed, the state was unaware of the criminal acts until after Kizzire had already been placed under arrest for violating the conditions of his probation.

Under these circumstances, we believe it apparent that, under Criminal Rule 45(c)(1), the August 21 arrest did not commence the running of the 120-day rule for Kizzire's subsequent criminal charges, because the November 14 indictment did not relate "to charges arising out of the same conduct" for which Kizzire was arrested.[2]

---

1. In affirming the decision of a trial court on an issue of law, we are not restricted to the specific legal theory adopted below and may rely on any independent legal ground. *See Rutherford v. State*, 605 P.2d 16, 21 n. 12 (Alaska 1979); *Hubert v. State*, 638 P.2d 677, 688 n. 9 (Alaska App.1981).

2. Because the November 14 charges did not arise out of the same conduct as the August 21 arrest, the fact that the troopers were made aware of the offenses on August 21, shortly after Kizzire's arrest, is immaterial for purposes of Criminal Rule 45(c)(1). Under the plain language of the rule, the state's awareness of other potential charges becomes relevant to determine

Kizzire's argument on appeal is predicated on his initial premise that the 120-day speedy trial period began running when he was arrested for violating the conditions of his probation. Our determination that the speedy trial period did not begin to run on that date is therefore dispositive of Kizzire's claim.

The conviction is AFFIRMED.

whether delay will be excused only when subsequent charges are based on the same conduct

for which the prior arrest occurred.