**STATE of Alaska, Petitioner,**

**v.**

**Terry L. DUNTEN, Respondent.**

**No. A-3230.**

Court of Appeals of Alaska.

Jan. 26, 1990.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for petitioner.

Christine Schleuss, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

The state has petitioned for review of an order entered by Superior Court Judge Beverly W. Cutler dismissing a second-degree murder charge against Terry L. Dunten, for violation of the 120-day speedy trial rule. We have granted review because the case presents an important question of law upon which there is substantial ground for difference of opinion. Alaska R.App.P. 402(b)(2). We conclude that the superior court erred in finding a violation of the speedy trial rule.

The case arises from the fatal shooting of Paul Dunten by his wife, Terry Dunten. The Duntens' marriage was apparently marked by frequent episodes of drinking and mutual violence. On October 21, 1987, Terry Dunten was driving home from a bar where she and her husband had been drinking. She was intoxicated. Paul was a passenger in the car. He apparently directed Terry to stop the car. A violent argument ensued. While the car was stopped at the side of the road, Terry shot and killed Paul. She then drove to a nearby home and reported the shooting to the Alaska State Troopers.

Troopers questioned Dunten at the scene; they then drove her to trooper headquarters in Palmer. In Palmer, an Intoximeter test was administered to Dunten, and she was formally placed under arrest for driving while intoxicated (DWI). Following the arrest, the troopers questioned Dunten at length concerning the shooting. Although Dunten was able to remember the circumstances leading up to the shooting, she had little recollection of the shooting itself. At the conclusion of the inter-

view, the troopers transported Dunten to a hospital, where she was examined for evidence relating to the shooting incident. Dunten's clothing and her car were also seized as evidence.

For various reasons not relevant here, the state filed no charge against Dunten, other than the original DWI complaint, for approximately eighteen months. On April 12, 1989, the state filed an information charging Dunten with second-degree murder. Dunten thereafter moved to dismiss, alleging that her right to a speedy trial under Alaska Criminal Rule 45 had been violated.[1] After holding an evidentiary hearing, Judge Cutler found that, under Rule 45, Dunten's right to a speedy trial on the murder charge attached upon her arrest for DWI on the night of the shooting. Concluding that the eighteen-month delay in filing the murder charge against Dunten violated Dunten's right to a speedy trial under Rule 45, Judge Cutler ordered the charge dismissed.

In its petition for review, the state contends that the superior court erred in determining that Dunten's arrest for DWI triggered operation of the speedy trial rule for purposes of the subsequently filed murder charge.

The issue is governed by Alaska Criminal Rule 45.[2] Under Rule 45(b) a defendant must be brought to trial within 120 days of the commencement of prosecution. The 120-day period begins to run "[f]rom the date the defendant is arrested, initially arraigned, or from the date the charge ... is served ..., whichever is first." Alaska R.Crim.P. 45(c)(1). Once the 120-day speedy trial period is triggered by an arrest or by the filing or service of a charge, the period runs not only as to the original charge, but also as to all "subsequent charges arising out of the same conduct." *Id.*

In the present case, Judge Cutler found that Dunten's April 1989 murder charge arose "out of the same conduct" as her October 1987 DWI arrest. In reaching this conclusion, the judge emphasized that "the homicide ... occurred in a brief interval right in the middle of the DWI conduct for which ... Dunten was arrested." This

1. Dunten apparently argued, alternatively, that the eighteen-month period of pre-accusation delay violated her constitutional right to due process. In light of its ruling on the speedy trial issue, the superior court did not resolve the constitutional claim. The issue is not presented in this petition for review, and we have no occasion to consider it.

2. Pertinent provisions of Alaska Criminal Rule 45 are as follows:

*Speedy Trial.*

(a) *Priorities in Scheduling Criminal Cases.* The court shall provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings and the trial of defendants in custody shall be given preference over other criminal cases. Trial dates in criminal cases in the superior court shall be set at the time of arraignment, and if a trial date is thereafter vacated, the trial shall be immediately set for a date certain.

(b) *Speedy Trial Time Limits.* A defendant charged with a felony, a misdemeanor, or a violation shall be tried within 120 days from the time set forth in paragraph (c) of this rule.

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. If the defendant is in custody or incarcerated on other charges at the time the alleged offense occurs, the time for trial shall begin running 10 days after the case is referred in writing by correctional officials to the prosecuting attorney, or 15 days from the time action is instituted in the correctional facility to impose administrative segregation, whichever is earlier. The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time of the original commencement date of the 120 day period and a showing of due diligence in securing the defendant for the original charges is made by the prosecution;

....

(g) *Absolute Discharge.* If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense charged and for any other lesser included offense within the offense charged.

finding led Judge Cutler to conclude that Dunten's right to a speedy trial on the murder charge had been violated.

A literal reading of Criminal Rule 45 would indicate that the superior court erred in reaching this conclusion. Although the acts of homicide and drunken driving with which Dunten was charged occurred virtually simultaneously, each offense involved distinctly different acts. Strictly speaking, then, the charges did not arise out of precisely "the same conduct."

The issue is far closer and more difficult than might appear at first blush, however, for the Alaska Supreme Court has eschewed a literal interpretation of the speedy trial rule's "same conduct" provision. In *Peterson v. State,* 562 P.2d 1350 (Alaska 1977), the supreme court construed Rule 45's "same conduct" provision to be synonymous with Standard 2.2(a) of the American Bar Association's Standards Relating to Speedy Trial.[3] Standard 2.2(a) provided that an arrest for one charge commences operation of the speedy trial rule as to all later charges "based on the same conduct *or arising from the same criminal episode.*" *See Peterson,* 562 P.2d at 1357 n. 7 (emphasis added). In holding the "same conduct" provision of Alaska Criminal Rule 45(c)(1) to be synonymous with ABA Standard 2.2(a), the court in *Peterson* espoused the definition of "same criminal episode" that was adopted in the ABA standard. In this regard, the *Peterson* court quoted the following language from the commentary to the ABA standard:

> "Episode" means "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger and more comprehensive series." *Webster, Third New International Dictionary* 765 (1961).

*Peterson,* 562 P.2d at 1358.

Given *Peterson*'s expansive reading of the "same conduct" language in Criminal Rule 45(c)(1), the difficult question presented in the present case is whether the relationship between Dunten's original DWI charge and her later homicide charge is sufficiently close to allow both charges to be characterized as "arising from the same criminal episode." As is apparent from Judge Cutler's finding that the homicide occurred "in the middle of the DWI conduct for which ... Dunten was arrested," the primary relationship between the DWI and homicide charges is their temporal proximity. It is far from clear, however, that temporal proximity alone can suffice to establish a single criminal episode for purposes of the speedy trial rule. No Alaska speedy trial case has found separate charges to arise from the same criminal episode merely because they occurred simultaneously or at closely related times. In each case, some additional similarity between the initial and later charges—either a causal link or a close evidentiary or elemental nexus—has justified the finding of a single criminal episode.

In *Peterson,* the court found that four homicides arose from the same criminal episode for purposes of Criminal Rule 45(c)(1). Peterson shot and killed another man following an argument. He proceeded to kill the three other people who were present, in order to eliminate them as witnesses. Peterson was initially arrested for only one of the homicides. The issue presented on appeal was whether that arrest commenced the operation of the 120-day speedy trial period for the three subsequently charged offenses.

While acknowledging that the four homicides did not literally involve the same conduct, the court in *Peterson,* adopting ABA Standard 2.2(a), found them to arise from the same criminal episode. 562 P.2d at 1358. This conclusion, however, was based on more than the fact that the offenses were simultaneously committed. The crimes in *Peterson* involved identical elements, differing only in that four separate victims were involved. Moreover, the first crime precipitated the commission of the latter three. Finally, proof of all four

3. In its current formulation, the standard appears as II *ABA Standards for Criminal Justice* § 12-2.2(a) at 12.17 (1982).

crimes depended on substantially the same evidence. Likening the situation to a vehicular homicide in which a single act results in multiple deaths, the *Peterson* court stated:

> Rule 45(c)(1) indicates that the drafters of Rule 45 intended that charges based upon *the same evidence* should be filed at the same time. To allow the state an extension on the speedy trial period simply because the four killings were caused by four shots rather than by one automobile accident would defeat the policies behind Rule 45.

*Id.* at 1358 (footnote omitted).

In *Westdahl v. State,* 592 P.2d 1214 (Alaska 1979), Westdahl drove a car while intoxicated and struck a pedestrian. He was initially charged with possessing an open container of alcohol in a motor vehicle while intoxicated. He was later charged with driving while intoxicated. Finding that *Peterson* mandated the conclusion that the two offenses arose out of the same criminal episode, the Alaska Supreme Court noted that proof of Westdahl's intoxication was an essential element of each offense, and it emphasized that Westdahl's arresting officer was aware of all information relating to both offenses when the first charge was filed. *Westdahl,* 592 P.2d at 1216 & n. 8. Accordingly, in *Westdahl,* the initial and subsequent charges were closely related not only in time, but also in their essential elements and in the evidence necessary to establish their commission.

In *State v. Williams,* 653 P.2d 1067 (Alaska App.1982), *rev'd in part on other grounds,* 681 P.2d 313 (Alaska 1984), this court found that a defendant's arrest for murder commenced the running of the speedy trial rule for a subsequently filed charge of tampering with evidence. The police had found the body of a homicide victim in the victim's burning pickup truck. Investigation indicated that Williams had killed the victim and attempted to dispose of his body. Williams acknowledged attempting to dispose of the body but claimed that he was only acting to protect his girlfriend who had committed the homicide. The state initially charged Williams only with murder. After Williams was acquitted, the state filed a charge of tampering with evidence.

On appeal, although we found the homicide and tampering charges to arise from the same criminal episode for purposes of the speedy trial rule, our finding was predicated on more than the mere temporal relationship between the charges. A clear causal link existed between the murder and tampering charges: under the state's theory of the case it was Williams' commission of the murder that led him to attempt to dispose of the body. Furthermore, we emphasized that all of the evidence presented by the state to prove the tampering charge had previously been relied on by the state in attempting to establish the murder charge. *Williams,* 653 P.2d at 1070. *Williams* thus fails to support the conclusion that two charges arise from the same criminal episode merely because they occur at closely related times.

The remaining case on the issue is *Koch v. State,* 653 P.2d 664 (Alaska App.1982). While driving a car, Koch struck and killed a motorcyclist. The state initially decided against filing criminal charges and cited Koch for the traffic infraction of following too closely. The state subsequently reconsidered its decision and charged Koch with negligent homicide. This court held that, for purposes of the speedy trial rule, both offenses arose from the same conduct. *Koch,* 653 P.2d at 668.

*Koch,* however, was an extremely straightforward case. The two charges in *Koch*—unlike those in *Peterson, Westdahl,* and *Williams*—fell within the literal meaning of the "same conduct" language in Criminal Rule 45(c)(1). The negligent homicide charge was predicated entirely on Koch's act of following too closely. Thus, under the circumstances of the case, no element of conduct distinguished the initial and subsequent charges; the only distinguishing elements pertained to Koch's culpable mental state and to the result of his conduct. Because both offenses involved precisely the same conduct, they necessarily arose from the same criminal episode.

In contrast to the foregoing cases, Dunten's case involves two charges that are related almost exclusively by their temporal proximity. The statutory elements of the two offenses are entirely different. The homicide charge is not causally related to the earlier DWI charge. The evidence necessary to establish the initial charge of DWI certainly differs significantly from that which would be necessary to establish the subsequent charge of second-degree murder.

Dunten insists that evidence of her intoxication provides an important nexus between the two offenses. She points out that intoxication is an essential element of the drunken driving charge and asserts that, under the state's theory of prosecution, her intoxication also plays an indispensable role in establishing her culpable mental state on the homicide charge.

We do not find this argument to be persuasive. Even though proof of Dunten's intoxication may be a cornerstone of the state's proof of her culpable mental state in the homicide case, intoxication is not an essential element of the murder charge, as it is in the case of DWI. Moreover, proof that Dunten was driving shortly before and after the homicide has virtually no bearing on the murder charge. Assuming a causal relationship existed between Dunten's intoxication and her decision to shoot her husband, it seems clear that no similar relationship exists with regard to the DWI charge; there is nothing to indicate that Dunten's intoxication led her to engage in the conduct involved in the DWI charge—her act of driving a car. Under the circumstances, the temporal relationship between Dunten's DWI charge and her charge of second-degree murder appears to be wholly fortuitous. Despite the temporal proximity of the two offenses, we conclude that they did not arise from the same criminal episode.

The superior court's order of dismissal must accordingly be REVERSED.[4]

4. Dunten does not appear to have argued below and does not contend in her response to the state's petition for review that she was actually arrested for homicide, even though formally charged only with DWI. Arguably, the fact that Dunten was formally charged only with DWI after being taken into custody following the shooting might not necessarily be dispositive of whether she was arrested only for DWI. *Compare Adams v. State,* 598 P.2d 503 (Alaska 1979), and *Longley v. State,* 776 P.2d 339 (Alaska App. 1989), *with Lindsay v. State,* 698 P.2d 659 (Alaska App.1985). *See also Kizzire v. State,* 715 P.2d 272 (Alaska App.1986). Judge Cutler's written decision in this case strongly suggests that, in determining that the DWI and murder charges arose from the same criminal episode for purposes of Criminal Rule 45, the judge was influenced by her conclusion that the troopers' primary reason for taking Dunten into custody was the shooting incident. Nevertheless, although Judge Cutler's written decision is not entirely unambiguous, the judge appears to have viewed Dunten's arrest as an arrest only for DWI. Our decision in this case likewise assumes that Dunten was subjected only to a legitimate arrest for DWI and was not arrested for homicide. Because the question of what Dunten's original arrest was for is not presented in the petition, we express no opinion on the issue.