NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | Court of Appeals No. A-12295 |
| Appellant, | Trial Court No. 4FA-14-318 CR |
| v. | |
| | O P I N I O N |
| TIMOTHY SANTA BAKER, | |
| Appellee. | No. 2607 — June 22, 2018 |

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Bethany S. Harbison, Judge.

Appearances: Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, and James E. Cantor, Acting Attorney General, Juneau, for the Appellant. Dan S. Bair, Assistant Public Advocate, Appeals and Statewide Defense Section, and Richard Allen, Public Advocate, Anchorage, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

This appeal requires us to construe Alaska Criminal Rule 45(c)(3) and to clarify when criminal offenses arise from the "same criminal episode" for purposes of determining a defendant's speedy trial rights under Criminal Rule 45.

*Relevant facts*

Responding to a tip about drug dealing at a local gas station, an Alaska State Trooper observed Timothy Santa Baker drive up to a gas pump and a woman get into Baker's vehicle. The trooper then watched as Baker drove his car across the parking lot and parked next to another parked vehicle. Once there, Baker interacted with the woman and another man outside of the two vehicles.

After observing this activity, the trooper approached Baker and the two other people and requested their identifications. In response, Baker fled the scene on foot, abandoning his phone and several small plastic bags filled with a white powdery substance along the way. (The police later collected the plastic bags and field-tested their contents, which tested presumptively positive for cocaine.)

The trooper gave immediate chase to Baker and eventually caught him. After discovering that Baker was on bail release and that his driver's license was revoked, the trooper arrested Baker and charged him with the following misdemeanor offenses: driving while license revoked, violating the conditions of his release, and disorderly conduct. (The disorderly conduct charge was later dismissed at arraignment.) Baker was not charged with any drug-related crimes at that time.

Approximately three months after his arrest, Baker pleaded guilty to the driving while license revoked charge, and the State dismissed the remaining violating conditions of release charge. In the interim, the State obtained a search warrant for Baker's mobile phone, which revealed evidence that he was engaged in drug distribution.

The State also sent the white powder for further testing at the crime lab, and the lab confirmed that the white powder was cocaine.

Approximately four months after Baker's initial arrest, and one month after Baker pleaded guilty to the driving while license revoked charge, the State indicted Baker for third-degree misconduct involving a controlled substance (possessing cocaine with intent to distribute).[1]

Approximately a year into the pretrial litigation of the drug charge, Baker's defense attorney moved to dismiss the indictment, arguing that the drug charge arose from "the same criminal episode" as the driving while license revoked charge and therefore, under Alaska Criminal Rule 45(c)(3), the speedy trial time for the drug charge began running when the earlier charges were served on Baker.

The superior court agreed with the defense attorney that the driving while license revoked charge and the felony drug charge arose out of the same criminal episode. In its written order explaining its decision, the superior court acknowledged that there was no evidentiary or elemental overlap between the two charges. But the court concluded that the two charges nevertheless arose from the "same criminal episode" for purposes of calculating Baker's speedy trial time under Criminal Rule 45(c)(3) because Baker's act of driving across the parking lot helped facilitate the drug deal. Based on this purported causal relationship, the court concluded that the speedy trial time for the drug charge had already run, and the court therefore dismissed the felony drug indictment with prejudice under Criminal Rule 45(g).

The State now appeals that dismissal.

---

[1]   Former AS 11.71.030(a)(1) (2012).

*The definition of "same criminal episode" under Criminal Rule 45(c)(3)*

Alaska Criminal Rule 45 governs a defendant's statutory right to a speedy trial under Alaska law. Under Criminal Rule 45(b), the State is required to try a criminal defendant within 120 days after the day that the charging document is served on the defendant — subject to certain statutory exceptions that toll the running of the speedy trial time period.[2]

Criminal Rule 45(c)(3) addresses situations in which the State files a new charge that arises out of "the same criminal episode" as the original charge. This provision declares, in pertinent part,

> [t]he Rule 45 commencement date for a new charge arising out of the same criminal episode shall be the same as the commencement date for the original charge, unless the evidence on which the new charge is based was not available to the prosecution on the commencement date for the original charge.[3]

The provision further provides, that if the evidence for the new charge arising out of the same criminal episode was *not* available at the time the original charges were filed, and the State can show that it was diligent in investigating and bringing the new charge, then the Rule 45 speedy trial time is calculated from the time the new charge was filed.[4]

Criminal Rule 45(c)(3) — and, in particular, the term "same criminal episode" — is derived from former Standard 12-2.2 of the American Bar Association's

---

[2]  Alaska R. Crim. P. 45(c)(1); *see also* Alaska R. Crim. P. 45(e) (listing exceptions that toll the speedy trial time).

[3]  Alaska R. Crim. P. 45(c)(3).

[4]  *Id.*

Standards for Criminal Justice.[5]  As the Commentary to that Standard explains, the purpose of applying the same speedy trial calculation to all charges arising from the "same criminal episode" is to ensure that the prosecution is not penalized "simply because the defendant is being held to answer on an unrelated offense," while the defendant does not lose the benefit of a speedy trial "simply because the offense charged ... differs somewhat from the offense for which the defendant is being held to answer."[6] As the Commentary also clarifies, the speedy trial protection granted to charges "arising out of the same criminal episode" is distinct from the due process protections that exist to protect defendants from the more general problem of pre-accusation prosecutorial delay.[7]

The former ABA standard refers to charges "based on the same conduct or arising from the same criminal episode."[8] The Commentary explains that the term "same

---

[5]  *See* 2 ABA Standards for Criminal Justice § 12-2.2(a) (2d ed. 1982); *Peterson v. State*, 562 P.2d 1350, 1357-58 (Alaska 1977) (explaining that this portion of Rule 45 is derived from the ABA standards and interpreting the Alaska rule accordingly).

 We note that the ABA significantly revised its speedy trial standards in 2006 and the new speedy trial standards are more flexible than the previous standards and provide the trial courts with more discretion to set shorter and longer speedy trial times as the specific circumstances of a case may require.  *See* ABA Standards for Criminal Justice, Speedy Trial and Timely Resolution of Criminal Cases, § 12-2.2 (3d ed. 2006).

[6]  2 ABA Standards for Criminal Justice § 12-2.2(a) cmt. at 12-21 (2d ed. 1982).

[7]  *Id.* at 12-23-25; *see also State v. Gonzales*, 156 P.3d 407, 412 (Alaska 2007) (recognizing the due process claim of pre-accusation delay under the Alaska Constitution); *United States v. Marion*, 404 U.S. 307 (1971).

[8]  2 ABA Standards for Criminal Justice § 12-2.2(a) (2d ed. 1982).  We note that the predecessor to the current Rule 45(c)(3) was also based on the ABA standards, but it referred to new charges "arising out of the same conduct."  In *Peterson v. State*, the Alaska Supreme Court held that Rule 45(c)(3) should be read consistently with the ABA standard that it was

(continued...)

conduct" covers "those cases where several offenses arise out of the same act, [such] as where a defendant recklessly operates an automobile and kills two persons."[9] Likewise, the term "same criminal episode" covers those situations involving multiple but related criminal acts such as "the simultaneous robbery of seven individuals," "the killing of several people with successive shots from a gun," "the successive burning of three pieces of property," or "such contemporaneous and related crimes as burglary and larceny, or kidnapping and robbery."[10]

Alaska appellate court decisions have also provided further guidance on when criminal offenses should be considered as "arising from the same criminal episode" for purposes of the speedy trial calculation under Rule 45(c)(3).[11] In *State v. Dunten*, this

---

[8] (...continued)
modeled on and that the term "same conduct" therefore also included the concept of "same criminal episode." *Peterson*, 562 P.2d at 1356-58 (citing former Alaska R. Crim. P. 45(c)(1)). In 1993, the term "same criminal episode" was officially substituted for "same conduct" in Rule 45(c)(1) and paragraph (c)(1) was renumbered as (c)(3). Supreme Court Order No. 1127 (1993).

[9] 2 ABA Standards for Criminal Justice § 12-2.2(a) cmt. at 12-21 (2d ed. 1982).

[10] *Id.*

[11] *See, e.g.*, *Westdahl v. State*, 592 P.2d 1214, 1216 (Alaska 1979) (concluding, under former version of Rule 45, that speedy trial time on drunk driving charge began running when defendant was arrested for violating an ordinance that prohibited intoxicated persons from possessing open containers of alcohol while driving because the two charges shared similar elements and involved the same evidence); *Peterson*, 562 P.2d at 1358 (concluding that the successive killing of four individuals arose out of same criminal episode for purposes of calculating defendant's speedy trial time); *Koch v. State*, 653 P.2d 664, 668 (Alaska App. 1982) (concluding that speedy trial time for negligent homicide charge began running when the State charged defendant with traffic infraction for following too closely because the negligent homicide charge was predicated entirely on the defendant's conduct in allegedly following too closely); *State v. Williams*, 653 P.2d 1067, 1070 (Alaska App. 1982) (continued...)

Court summarized the prior Alaska case law and identified the governing principle as follows:

> No Alaska speedy trial case has found separate charges to arise from the same criminal episode merely because they occurred simultaneously or at closely related times. In each case, some additional similarity between the initial and later charges — either a causal link or a close evidentiary or elemental "nexus" — has justified the finding of a single criminal episode.[12]

Thus, under Alaska law, criminal offenses that occur within close temporal proximity to one another should be considered as arising out of the "same criminal episode" for purposes of calculating the defendant's speedy trial time only when there is a close elemental or evidentiary overlap between the charged offenses or when there is a causal link that directly connects the commission of one criminal offense to the other offense — such as exists in the "contemporaneous and related crimes of burglary and larceny, kidnapping and robbery" mentioned in the ABA commentary. Other jurisdictions with speedy trial rules modeled on the same ABA standard use similar formulations.[13]

---

[11] (...continued)
(concluding that the defendant's arrest for murder also commenced the running of the speedy trial time for subsequently filed evidence tampering charges because a clear causal link existed between William's commission of the murder and his attempt to dispose of the body).

[12] *State v. Dunten*, 785 P.2d 907, 909 (Alaska App. 1990).

[13] *See*, *e.g.*, *State v. White*, 990 P.2d 90, 97-98 (Haw. 1999) (defining "same criminal episode" as requiring a close relationship between the two offenses such that "a complete account of one charge cannot be related without referring to details of the other charge"); *State v. Kindsvogel*, 69 P.3d 870, 873 (Wash. 2003) (concluding that the offenses must share "close logical and temporal proximity" and applying the same definition of "same criminal episode" that applies in the mandatory joinder context).

After articulating this standard in *Dunten*, we then applied it to the facts of that case.[14] *Dunten* involved a woman who shot her husband following an argument in a parked car.[15] Prior to the shooting and immediately after the shooting, Dunten (who was intoxicated) drove the car.[16] Dunten was arrested and prosecuted for driving while under the influence.[17] However, the State did not charge Dunten with the murder of her husband until eighteen months later.[18] Dunten moved to dismiss the murder indictment under Criminal Rule 45, arguing that the State's delay in bringing that charge violated her speedy trial rights under that rule.[19] Dunten argued that the driving while under the influence charge and the murder charge both arose out of the "same criminal episode" and therefore the speedy trial time for the murder charge began running when the DUI charge was served on Dunten.[20] The trial court agreed with Dunten that the two offenses arose out of the same criminal episode and the court dismissed the murder indictment with prejudice under Criminal Rule 45(g).[21]

We reversed this ruling on appeal, concluding that the two charges — although temporally linked — were not sufficiently related to qualify as charges "arising from the same criminal episode" for purposes of calculating Dunten's speedy trial time

---

[14]  *Dunten*, 785 P.2d at 907-08, 911.

[15]  *Id.* at 907.

[16]  *Id.*

[17]  *Id.* at 907-08.

[18]  *Id.* at 908.

[19]  *Id.*

[20]  *See id.*

[21]  *Id.* at 908-09.

under Rule 45(c)(3).[22] As we explained, the two charges were not causally connected — that is, Dunten's driving while under the influence was not the cause of her husband's death.[23] The two charges also did not share any elements in common, and proof of each crime would require an entirely different set of evidence.[24]

We acknowledged that the crimes could be viewed as interrelated because evidence of Dunten's intoxication was likely to play a role in both prosecutions.[25] But we emphasized that intoxication is not an essential element of second-degree murder, and that Dunten's separate criminal acts of driving while under the influence otherwise had "virtually no bearing on the murder charge."[26] We therefore concluded that because the connection between the two offenses was primarily temporal and incidental, the State was entitled to prosecute these independent criminal offenses separately without implicating Dunten's speedy trial rights under Criminal Rule 45.[27]

We reached a similar conclusion in a more recent case, *Pitka v. State*.[28] *Pitka* involved a defendant who was arrested after for criminal trespass and criminal mischief.[29] During Pitka's arrest, the police discovered cocaine in Pitka's pocket.[30]

---

[22] *Id.* at 911.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 911.

[27] *Id.*.

[28] *Pitka v. State*, 19 P.3d 604 (Alaska App. 2001).

[29] *Id.* at 605.

[30] *Id.*

However, the State did not indict Pitka for his possession of cocaine until six months after it prosecuted Pitka for the criminal trespass and criminal mischief offenses.[31] Pitka moved to dismiss the later-filed drug charge, asserting that all three offenses arose from "the same criminal episode" and that his speedy trial time on the drug charge had therefore already run under Criminal Rule 45(c)(3).[32] The superior court rejected this claim, and denied Pitka's motion to dismiss.[33]

We affirmed the superior court's ruling on appeal.[34] In our decision, we acknowledged that Pitka's possession of cocaine could have "some arguable relevance" to his criminal acts of trespass and criminal mischief in the sense that consumption of that cocaine could have been part of the reason why he committed those criminal acts.[35] We also acknowledged Pitka's argument that he was in possession of the cocaine when he committed the criminal trespass and criminal mischief.[36] But we explained that this arguable relevancy did not mean that the drug charge should therefore be viewed as "arising out of the same criminal episode" as the other criminal charges.[37] Nor did it mean that the same speedy trial calculation should govern the prosecution of all three offenses.[38] As we pointed out, the drug charge shared no elements with the other

---

[31] *Id.*

[32] *Id.* at 607.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

charges, and the evidence needed to prove the drug charge was entirely different from the evidence used to prove the other charges.[39]  There was also no direct causal link between the drug offense and the other two offenses.[40]

In explaining the lack of causal relationship, we noted that "Pitka has not suggested that his acts of trespass and criminal mischief were motivated by a desire to obtain or sell cocaine, or that these acts were related in any other way."[41]  As we have acknowledged elsewhere, this dictum has sometimes been misconstrued as suggesting that *any* articulable relationship between two criminal acts is sufficient to make them part of the same criminal episode for purposes of Criminal Rule 45(c)(3).[42]  But our intent was only to highlight the absence of any direct causal relationship between the criminal offenses at issue in *Pitka* and to distinguish those crimes from "such contemporaneous and related crimes as burglary and larceny, or robbery and kidnapping" referred to in the relevant ABA Commentary.[43]

Thus, because we concluded that there was an insufficient causal, evidentiary, or elemental nexus connecting Pitka's drug offense to his commission of the other offenses, we concluded that the felony drug charge did not arise out of the same criminal episode as the earlier charges, and the trial court properly ruled that the State's

---

[39]  *See id.*

[40]  *See id.*

[41]  *Id.*

[42]  *See State v. Sheldon*, 2018 WL 566293, at *3 (Alaska App. Jan. 24, 2018) (unpublished).

[43]  2 ABA Standards for Criminal Justice § 12-2.2(a) cmt. at 12-21 (2d ed. 1982).

prosecution of Pitka for the felony drug offense was governed by its own independent Rule 45 calculation.[44]

We come to the same conclusion in the present case. As previously explained, this case began as an investigation into suspected illegal drug activity. But, during the course of that investigation, the trooper also became aware that Baker's license was revoked and that he was on bail release. Baker was subsequently arrested and prosecuted for driving while license revoked and violating the conditions of his release. Four months later, after that prosecution was resolved, the State separately indicted Baker for third-degree misconduct involving a controlled substance. At Baker's request, the superior court dismissed this indictment with prejudice under Criminal Rule 45(g) on the ground that the drug charge arose from "the same criminal episode" as the driving while license revoked charge because Baker's act of driving across the parking lot had facilitated the underlying drug transaction at issue in the felony drug prosecution.

This reasoning is inconsistent with our holdings in *Pitka* and *Dunten*. As the superior court otherwise recognized, the two prosecutions involved no close evidentiary or elemental overlap. The two offenses shared no elements and the evidence required to prove each offense was entirely different. Moreover, like in *Pitka* and *Dunten*, the primary relationship between the two offenses was their simultaneity. Although Baker may have driven his car as part of the drug transaction witnessed by the trooper, his driving was not an essential part of that drug transaction. As the State points out, it was not necessary for Baker to drive his car across the parking lot in order to facilitate the ongoing drug transaction. Baker could just as easily have walked across the parking lot or he could have ridden as a passenger with someone else driving.

---

[44]  *Pitka*, 19 P.3d at 605.

Moreover, Baker's act of driving was not itself a criminal act. What made Baker's act of driving a separate chargeable criminal offense was the fact that his driver's license was revoked — a circumstance entirely divorced from the drug transaction taking place at the same time. The fact that Baker drove across the parking lot might be "relevant" to the felony drug prosecution in the sense that it might be included as part of the sequence of events witnessed by the trooper. But the fact that Baker's driver's license was revoked and that this act of driving was itself independently unlawful would not be relevant — if it was even mentioned at all.

As our holdings in *Pitka* and *Dunten* make clear, offenses arise from the "same criminal episode" for purposes of triggering the safeguards of Rule 45(c)(3) only when their connection is more than merely temporal and incidental.[45] Here, Baker happened to commit the crime of driving while license revoked at the same time that the police were investigating what appeared to be Baker's involvement in illegal drug activity. Because there was no close evidentiary, elemental, or causal nexus between what was otherwise two separate criminal acts, the State was entitled to prosecute Baker for the independent crime of driving while license revoked (and the related crime of violating conditions of release) without triggering Baker's right to a speedy trial on the separate drug offense. It was therefore error for the superior court to dismiss the indictment for third-degree misconduct involving a controlled substance with prejudice under Rule 45(g).

*Conclusion*

We REVERSE the judgment of the superior court, and we reinstate the indictment against Baker.

---

[45] *See Pitka*, 19 P.3d at 607; *Dunten*, 785 P.2d at 909.